UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARLEY T. CHRISTY,             )<br>                                             )<br>    Plaintiff,                            )<br>                                             )<br>    v.                                      )<br>                                             )<br>JO ANNE B. BARNHART,        )<br>COMMISSIONER OF SOCIAL SECURITY,   )<br>                                             )<br>    Defendant.                         ) | CAUSE NO. 1:04-CV-435<br>1:99-CV-185 |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss and Reinstate Plaintiff's Case under Old Civil Action Number filed by Defendant Commissioner of Social Security on March 15, 2005. (Docket # 11.) The Commissioner contends that the complaint filed by Plaintiff Harley T. Christy on January 5, 2005, seeking judicial review of a final decision by the Commissioner that Christy was not disabled, should be dismissed because this matter was previously remanded by the Court under the sixth sentence of 42 U.S.C. § 405(g) on October 13, 1999, under Case No. 1:99-CV-185, and, therefore, the Court retained jurisdiction over the case. (Def.'s Mot. to Dismiss and Reinstate Pl.'s Case under Old Civil Action No. at 1, 3.) Christy has not opposed the motion to dismiss.

On May 17, 1999, Christy filed his first complaint with the Court seeking review of the Commissioner's determination that he was not disabled. (Case No. 1:99-CV-185; Docket # 4.) On October 13, 1999, the parties filed a joint stipulation requesting that the Court remand the matter back to the Commissioner under the sixth sentence of 42 U.S.C. § 405(g) for consideration of additional evidence, and the Court granted the motion. (Case No. 1:99-CV-185;

Docket # 16, 17.)

In a sixth sentence remand, the court:

> [D]oes not affirm, modify or reverse the Secretary's decisions; it does not rule in any way as to the correctness of the administrative determination. Rather the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceedings and that evidence might have changed the outcome of the prior proceeding. The statute provides that following a sentence six remand, the Secretary must return to the district court to file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

*Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). On March 6, 2003, Christy participated in a new hearing before Administrative Law Judge Bryan J. Bernstein, and on September 16, 2004, ALJ Bernstein determined that Christy was not disabled. (Compl. ¶¶ 7, 8, 10; Def.'s Mot. to Dismiss and Reinstate Pl.'s Case under Old Civil Action No. at 2.) Christy did not file written exceptions with the Appeals Council, and the Appeals Council declined to assume jurisdiction. (Compl. ¶ 9.) Instead, Christy filed a new complaint with the Court on January 5, 2005. (Docket # 5.)

However, because Christy's original action was remanded pursuant to the sixth sentence of 42 U.S.C. § 405(g), Christy filed his new complaint in error. Instead, "additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based" should have been filed with the Court. *Melkonyan*, 501 U.S. at 98. "Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision." *Sullivan v. Finkelstein*, 496 U.S. 617, 622 (1990); *see also* 42 U.S.C. § 405(g).

Therefore, Defendant's motion to dismiss is hereby GRANTED (Docket # 11), Plaintiff's complaint dated January 5, 2005, is hereby DISMISSED (Docket # 5), and Plaintiff's complaint

2

dated May 17, 1999 (Case No. 1:99-CV-185; Docket # 4), is hereby REINSTATED. Defendant is ORDERED to promptly file a supplemental transcript with the Court, and the Plaintiff shall file an opening brief within forty-five days of the filing of the transcript. Defendant shall then file a brief in opposition within forty-five days of the filing of the opening brief, and Plaintiff shall have ten days thereafter to reply.

SO ORDERED.

Enter for this 28th day of April, 2005.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge